> Where the answer denied knowledge or information sufficient to form a belief as to allegations of the complaint that certain services were rendered for defendant, except that some work was done for defendant, and alleged that it was done so defectively that it had to be done over, for the expense of which he counterclaimed, defendant was not required to furnish a bill of particulars as to what work plaintiff actually did for him; the effect of such a requirement being to put the burden of proof upon defendant.

> [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 317.*]

Appeal from Special Term.

Action by Fred P. Bennett against the G. & W. Manufacturing Company. From the part of an order denying a motion for a bill of particulars as to a certain allegation of the answer, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and MILLER, JJ.

Maxson & Jones, for appellant.
George E. Waldo, for respondent.

HIRSCHBERG, P. J. This is an appeal from a part of an order as resettled, directing the respondent to serve a bill of particulars. In the amended complaint two causes of action are set up, the claims in which are alleged to have been assigned to the plaintiff by a foreign corporation known as the "Continental Rubber Works." The first cause of action alleges on information and belief that such foreign corporation rendered to the defendant certain services at a certain time in covering and re-tiring with rubber certain wheels and in testing certain wheels, which services are itemized in a statement annexed to the complaint. The second cause of action is for money paid out for freight and materials.

In the amended answer, the defendant, among other things, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the complaint, except that during the time stated the Continental Rubber Works performed certain work and rendered certain services on defendant's behalf in re-covering and re-tiring the wheels and furnishing materials, etc. On a motion for a bill of particulars, the defendant was required to furnish the bill asked for, except "what of the work performed and services rendered and material furnished, as set forth in said complaint, is admitted, with the times of performance and the value thereof, describing the same so that it may easily be identified."

I do not think the Code of Civil Procedure requires that a defendant who cannot swear point-blank that no work was done for him, but who does admit in his answer, as in this case, that some work was done, and who adds in his answer, as this defendant does, that it was so improperly done that he had to do it over again, counterclaiming for the expense, is obliged to tell the plaintiff what work the latter actually did. In effect, the attempt would seem to be to throw the burden of proving a part of the plaintiff's case upon the defendant.

The order, in so far as appealed from, should be affirmed.

Order, in so far as appealed from, affirmed, with $10 costs and disbursements. All concur.